IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD CLOUD,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| | : | |
| v. | : | NO. 06-CV-1066 |
| | : | |
| **THE PNC FINANCIAL SERVICES** | : | |
| **GROUP, INC., et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**  January  30, 2009

    In this ERISA case, Ronald Cloud is trying to recover long-term disability benefits under PNC's employee plan.[1]  The parties filed cross-motions for summary judgment.  For the reasons that follow, I will grant the defendants' motion for summary judgment and deny the plaintiff's motion for summary judgment.

**I. BACKGROUND**

    Ronald Cloud was employed as a Senior Investment Accountant for PNC from September 2, 1997 until July 2, 2004.  Mr. Cloud believed that he was unable to continue with his job due to severe anxiety and depression.  He participated in PNC's long-term disability plan.[2]  Under the Plan, during an initial ninety-day "elimination period" and the

---

[1] Mr. Cloud asserts his claim under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

[2] The plan is governed by ERISA and provides full-time employees who are out of work for periods exceeding ninety days with up to 70% of their base salary.  The Plan's benefits are paid out of a pre-established trust and therefore, it is self-funding.

next twenty-four months of "total disability," an employee must prove he "cannot perform each of the material duties of his or her regular occupation." See Compl. Exh. B at 5 ("the Plan"). After twenty-four months, the standard for total disability is heightened and the employee is required to demonstrate that he could not perform each of the material duties of "any gainful occupation" for which he was reasonably suited by training, education, or experience. Id. The plan designates PNC as the Plan Administrator, and provides that no decision by the Administrator shall be overturned unless the decision is "arbitrary and capricious."[3] Id. at 16. Additionally, the Plan allows PNC "to appoint or employ individuals or firms to assist in the administration of the [p]lan." PNC authorized Sedgwick Claims Management Services, Inc. to evaluate and decide claims pursuant to the Plan. Benefits under the Plan are paid out of a trust established for that purpose. (Statement of Undisputed Material Facts, PNC's Memorandum of Law in support of its Motion for Summary Judgment). Neither PNC nor Sedgwick had any direct financial interest or obtained any direct financial benefit from a decision regarding Mr. Cloud's claim for long-term disability benefits. Id.

On September 17, 2004, approximately two months after he stopped working at PNC, Mr. Cloud submitted an application for long-term disability benefits. (AR 108-

---

[3] As the Administrator, the plan grants PNC authority and discretion as follows:  3(a) The Administrator shall be responsible for the Plan's compliance with all the requirements of applicable provisions of [ERISA] . . . The Administrator shall be vested with all the power, authority and discretion necessary to supervise and control the operation of the Plan in accordance with the terms thereof.

110).[4]  Claiming "severe depression, severe anxiety," Mr. Cloud alleged that he could not perform his job duties.[5]  After receiving the claim, Sedgwick contacted the plaintiff's physician, Dr. Ian Magill, to obtain the plaintiff's medical records.  (AR 8384).  In the treating physician's statement, Dr. Magill described the plaintiff's prognosis as "good," failed to list any restrictions the anxiety placed on the plaintiff and concluded that the anxiety and depression were "temporary."[6]  (AR 95-98).  Based on its investigation, Sedgwick notified Mr. Cloud on November 19, 2004 that his claim for long-term disability benefits was denied.  (AR 32-35).

In a letter dated November 29, 2004, PNC explained that the plaintiff must either appeal Sedgwick's decision or return to work.  (AR 31).  On December 15, 2004, Sedgwick received a letter from the plaintiff appealing the denial.  (AR 30).  With Sedgwick's consent, the plaintiff submitted supplemental medical information, including a consultative medical examination which the Pennsylvania Bureau of Disability Determination obtained while deciding the plaintiff's claim for disability benefits

---

[4]  The administrative record contains the underwriting and claims files concerning the plaintiff.

[5]  The plaintiff testified that "[t]he anxiety of the job has almost given me a nervous breakdown . . . My hands shake, my chest gets tight, and sometimes [I have] shortness of breath . . . Traveling 110 miles round trip per day has added to the problem."  (AR 108).

[6]  On November 1, 2004, Sedgwick contacted the plaintiff's other medical provider, Dr. James Gaul, to request further information; in response, Dr. Gaul provided Sedgwick with a consultation report of his October 14, 2004 examination of the plaintiff.  (AR 36-37, 61-62).  In this report, Dr. Gaul described the plaintiff as alert and "cognitively intact" with only mild and temporary anxiety.  (AR 39).

pursuant to the Social Security Act. (AR 19-27). Dr. Donald Jennings, who conducted the examination, stated that plaintiff "had a major psychological reaction." Id. Dr. Jennings did not state, however, that the plaintiff was disabled. After receiving the plaintiff's appeal, Sedgwick retained two independent physicians to review all of the plaintiff's medical information.[7] (AR 2). After reviewing these records, the two physicians concluded that Mr. Cloud was not totally disabled. (AR 2-12). Based on all of the evidence presented, in a letter dated February 9, 2005, Sedgwick upheld the prior denial of the plaintiff's claim. (AR 1-3). Sedgwick's letter informed Mr. Cloud that "all appellate administrative remedies have been exhausted." Id.

## II. LEGAL STANDARD

The Supreme Court decided that if an ERISA plan authorizes a plan administrator to evaluate and decide claims for benefits, the courts should apply a deferential standard of judicial review. Firestone Tire & Rubber Co. V. Bruch, 489 U.S. 101, 115 (1989). Additionally, the Supreme Court determined that the "arbitrary and capricious" standard of judicial review was appropriate when re-examining an administrator's decisions. Id. at 103. See Skretvedt v. E.I. Dupont deNemours & Co., 268 F.3d 167, 170 (3d Cir. 2001); see also Courson v. Bert Bell NFL Player Retirement Plan, 214 F.3d 136, 142 (3d Cir. 2000); Abnathya v. Hoffman-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993). "[The arbitrary and capricious standard's] scope of review is narrow, and 'the court is not free to

---

[7] The two independent physicians were Dr. Joseph J. Jares, III, a board-certified neurologist, and Dr. Irwin Greenberg, a board-certified psychiatrist. (AR 2).

4


substitute its own judgment for that of the [administrator] in determining eligibility for plan benefits.'" Mitchell v. Eastman Kodak Co., 113 F.3d 433, 439 (3d Cir. 1997) (quoting Lucash v. Strick Corp., 602 F. Supp. 430, 434 (E.D. Pa. 1984)).  Further, the arbitrary and capricious standard limits the court's review to the record before the administrator at the time of the decision.  Mitchell, 113 F.3d at 440 ("Under the arbitrary and capricious standard of review, the 'whole' record consists of that evidence that was before the administrator when he made the decision being reviewed."); see also Freiss v. Reliance Standard Life Ins. Co., 122 F. Supp. 2d 566, 573 (E.D. Pa. 2000); Luby v. Teamsters Health, Welfare and Pension Trust Funds, 944 F.2d 1176, 1184 n.8 (3d Cir. 1991); Woolsey v. Marion Laboratories, Inc., 934 F.2d 1452, 1460 (10th Cir. 1991); Voliva v. Seafarers Pension Plan, 858 F.2d 195, 196 (4th Cir. 1988).  The Third Circuit has determined that an administrator's decision may be found arbitrary and capricious if the decision is "without reason, unsupported by substantial evidence or erroneous as a matter of law."  Abnathya, 2 F.3d at 45.  Under the arbitrary and capricious standard, as long as the administrator's decision was reasonable and supported by evidence, the court must uphold the administrator's decision.  Firestone, 489 U.S. at 111; Abnathya, 2 F.3d at 45.

Although courts generally apply the highly deferential arbitrary and capricious standard, the Third Circuit has recognized that a heightened standard of review applies when there is a conflict of interest.  Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377,

378 (3d Cir. 2000). A conflict of interest may exist when the employer's plan is unfunded, and claims must be paid out of the employer's general revenues. Pinto, 214 F.3d at 378; see also Smathers v. Multi-Tool, Inc., et al., 298 F.3d 191 (3d Cir. 2002); Skretvedt, 268 F.3d 167 (3d Cir. 2001). However, a conflict of interest does not exist where the employer funds an ERISA plan through a fixed trust; in which case the arbitrary and capricious standard should be applied.[8] Smathers, 298 F.3d at 198-99. In this case, PNC funds its ERISA plan through a fixed trust.

## III. DISCUSSION

### A. Defendants' Motion for Summary Judgment

#### 1. The Decision Was Not Arbitrary and Capricious

The defendants contend that Sedgwick's decision was not arbitrary and capricious because the determination was reasonable and based on substantial evidence. Specifically, the defendants assert that the record lacks any evidentiary support for the plaintiff's claim for long-term disability benefits. In Cimino v. Reliance Standard Life Ins. Co., the plaintiff claimed that her anxiety and depression, resulting from a nervous breakdown, rendered her totally disabled. 2001 WL 253791, at *1 (E.D. Pa. 2001). After the plan's administrator denied her claim for long-term benefits, the plaintiff filed suit against the insurer claiming

---

[8] The plaintiff contends that the court prohibited any discovery into PNC's possible conflict of interest. Specifically, the plaintiff asserts that the heightened standard of judicial review is appropriate in this case due to the uncertainty surrounding the Plan's funding. This assertion is baseless; the defendants have submitted credible evidence that the Plan is self-funded and therefore, the arbitrary and capricious standard is appropriate.

the denial was arbitrary and capricious. Id. at *6. Granting summary judgment, the court reasoned that the defendant was not "unreasonable in its conclusion that the evidence produced by [the plaintiff] was insufficient to support a finding of total disability under the plan" because the plaintiff's anxiety and depression, with accompanying tremors and palpitations, did not render her completely disabled. Id.; see also Goldberg v. RCA Corp., 1990 WL 204229, at *4 (granting summary judgment to employer because employee's anxiety did not completely prevent him from performing his work duties).

Here, as in Cimino, the defendants contend that the plaintiff was not totally disabled. PNC relies on Dr. Magill's statement that the plaintiff's "cognitive functions were intact," his prognosis was "good," and his condition was only temporary. This conclusion is further supported by Dr. Gaul's observation that the plaintiff was "cognitively intact" and his "rapid fine movements were normal." Based on this evidence, and from my review of the administrative record, I believe Sedgwick rationally determined that Mr. Cloud was not totally disabled within the meaning of the Plan and therefore, reasonably denied the plaintiff's claim for long-term disability benefits. The medical opinions available to the plan's administrator (Sedgwick) did not support a finding of total disability from his duties at PNC. Nor did the medical evidence support a finding that Mr. Cloud was unable to perform the duties of "any gainful occupation." Accordingly, I find that Sedgwick's initial denial of plaintiff's claim for long-term disability benefits certainly was not arbitrary or capricious and was in fact consistent with the record before the administrator.

       2.  The Dr. Jennings report, produced by plaintiff on appeal from the denial of benefits, did not establish a disability.

Mr. Cloud provided additional medical information to support his appeal. This new information does not justify reversing Sedgwick's denial. Consistent with the medical reports submitted with the plaintiff's initial claim for benefits, this supplemental medical information demonstrates that Mr. Cloud was not totally disabled. Dr. Arnold Jennings examined Mr. Cloud for the Pennsylvania Bureau of Disability Determination in a completely separate proceeding. Although Dr. Jennings' report stated that Mr. Cloud's condition severely restricted his performance as a Senior Investment Accountant, he did not consider Mr. Cloud to be disabled. The Jennings Report does nothing to dispute the findings of the two board-certified physicians who evaluated this case for the defendants: Dr. Jares, a neurologist, and Dr. Greenberg, a psychiatrist, reviewed the plaintiff's medical records and found that the plaintiff's condition did not prevent him from performing his job duties. Based on this evidence, Sedgwick's decision to uphold the denial of the plaintiff's claim for long-term disability benefits was not arbitrary or capricious.

    **B.  <u>The Plaintiff's Motion for Summary Judgment</u>**

The plaintiff contends that the denial of his long-term benefit claim was arbitrary and capricious for several reasons. First, the plaintiff claims that the defendants failed to follow established and controlling law defining disability when they denied the plaintiff's claim despite Dr. Jennings' testimony that the plaintiff's condition severely restricted his performance in his "regular occupation." The defendants assert that this accusation is

entirely baseless and that Sedgwick concluded, in accordance with controlling law, that the plaintiff was not disabled from performing the essential functions of his "regular occupation of Senior Investment Accountant." Essentially, Mr. Cloud feels that Dr. Jennings established "total disability" despite the fact that Dr. Jennings clearly stopped short of this conclusion. It does not require a strained level of deference to conclude that the opinions of Mr. Cloud's own doctors (Magill and Gaul) outweighed the findings of Dr. Jennings. Indeed, on the central questions of total disability Dr. Magill, Dr. Gaul and Dr. Jennings agreed: Mr. Cloud was not totally disabled.

      The plaintiff further contends that Sedgwick credited unreliable evidence during the appellate process when Sedgwick considered the opinions of the two independent reviewing physicians who had never met the plaintiff and who were not provided the entire administrative record. The defendants respond by showing that Sedgwick conducted its own careful review of the entire Administrative Record. Sedgwick did not improperly rely on the two independent physicians. Sedgwick's review of the record (which is entitled to deference) was informed by the opinions of four experts: Magill, Gaul, Jennings, Jares and Greenberg. Not one of them found Mr. Cloud to be disabled. The fact that two of the doctors were retained by Sedgwick and "only" reviewed records concerns the weight of the evidence. There is nothing about the record to suggest that Sedgwick's evaluation of this claim was flawed or its denial "arbitrary and capricious."

      Third, the plaintiff asserts that Sedgwick failed to consider the entire record.

Specifically, the plaintiff contends that Dr. Gaul's complete medical record was not included in the administrative file.  Dr. Gaul did not believe that the plaintiff had an existing neurological problem; the missing pages did not adversely affect the plaintiff's claim for long-term disability benefits.

Fourth, the plaintiff contends that Sedgwick should have considered the plaintiff's approval for Social Security Disability Benefits in rendering its final decision.  I note that Sedgwick considered and addressed the plaintiff's Social Security Disability Benefit award, and that an award of Social Security Benefits is not determinative here because the criteria for awarding Social Security benefits are vastly different from the criteria for awarding ERISA benefits.

Finally, the plaintiff asserts that if a denial is premised on a "lack of objective verification," then it is contrary to law.  First, the Administrator did not, in fact, base its decision to deny the plaintiff long-term disability benefits solely upon the lack of objective medical evidence.  Second, an Administrator may consider a lack of objective evidence when evaluating a claim for ERISA benefits.  Mr. Cloud has failed to establish that the denial of his claim was arbitrary and capricious.  His motion for summary judgment shall be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD CLOUD,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| | : | |
| v. | : | NO. 06-CV-1066 |
| | : | |
| **THE PNC FINANCIAL SERVICES** | : | |
| **GROUP, INC., et al.,** | : | |
| **Defendants** | : | |

**O R D E R**

**AND NOW,** this 30th day of January, 2009, upon careful consideration of the defendants' motion for summary judgment (Document #16), the plaintiff's motion for summary judgment (Document #17), and the responses thereto, IT IS HEREBY ORDERED that:

1. The defendants' motion for summary judgment (Document #16) is GRANTED in its entirety.

2. The plaintiff's motion for summary judgment (Document #17) is DENIED in its entirety.

The Clerk of Court is directed to mark this case CLOSED for all purposes.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD CLOUD,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| | : | |
| v. | : | NO. 06-CV-1066 |
| | : | |
| **THE PNC FINANCIAL SERVICES** | : | |
| **GROUP, INC., et al.,** | : | |
| Defendants | : | |

## O R D E R   O F   J U D G M E N T

**AND NOW**, this 30th day of January, 2009, in accordance with my Memorandum and Order granting the defendants' motion for summary judgment, and in accordance with Federal Rule of Civil Procedure 58, judgment is hereby entered in favor of the defendants, and against plaintiff Ronald Cloud.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.